UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DINIZ MANUEL VIEIRA DA COSTA, Petitioner, | * | |
| v. | * | Civil Action No. 26-cv-13620-ADB |
| ANTONE MONIZ, et al., Respondents. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court is Petitioner Diniz Manuel Vieira Da Costa's petition for a writ of habeas corpus, [ECF No. 1 ("Pet.")], in which he argues that his continued detention by immigration authorities based on a now-vacated criminal conviction, and after he has received a discretionary waiver of removal from an immigration judge, violates his due process rights. Respondents oppose, arguing that Petitioner's petition is an attempt to contest the basis for his removal proceedings and therefore beyond this Court's jurisdiction. [ECF No. 19]. For the following reasons, the petition is **DENIED**.

## I. BACKGROUND

The following facts are drawn from the petition, from documents provided by both parties, and from the opinion of another session of this Court regarding a separate habeas petition filed by Petitioner, see Costa v. McDonald (Costa I), No. 25-cv-13469, 2026 WL 371198 (D. Mass. Feb. 10, 2026).

Petitioner is a lawful permanent resident of the United States who immigrated from Portugal in 1969, when he was approximately ten years old, and last resided in Fall River,

Massachusetts. [Pet. ¶ 13]; Costa I, 2026 WL 371198, at *1. In 1991, Petitioner was convicted after pleading guilty to rape of a child and indecent assault and battery on a child under the age of fourteen (14). [Pet. ¶ 14]. Although Massachusetts law requires that a noncitizen pleading guilty to a crime must be advised of the potential immigration consequences of his guilty plea, Mass. Gen. Laws ch. 278, § 29D, Petitioner was not so advised when he pleaded guilty in 1991. [ECF No. 1-3 at 7].

Thirty-four years later, on July 29, 2025, Petitioner was arrested and detained by U.S. Immigration and Customs Enforcement, and the government initiated removal proceedings under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his 1991 conviction for an aggravated felony. [Pet. ¶ 14]. Although it appears that Petitioner qualified at the time for mandatory detention under 8 U.S.C. § 1226(c)(1)(B), the government conceded, for reasons unclear in the record, that Petitioner was detained pursuant to its discretionary authority under 8 U.S.C. § 1226(a). Costa I, 2026 WL 371198, at *4. Accordingly, the government granted him a bond hearing, but bond was denied based on the immigration judge's determination that Petitioner was a danger to the community. Id. at *1.

In his removal proceedings, Petitioner sought discretionary relief under the now-repealed Section 212(c) of the Immigration and Nationality Act ("INA"). Section 212(c) allowed certain noncitizens who were subject to removal based on criminal convictions "to apply for a discretionary waiver from deportation." Immigr. & Naturalization Serv. v. St. Cyr, 533 U.S. 289, 295 (2001). Although Congress repealed section 212(c) in 1996, the Supreme Court held in St. Cyr that individuals who pled guilty to crimes prior to the repeal can continue to apply for this discretionary relief. Id. at 326. On September 23, 2025, the immigration judge overseeing Petitioner's removal proceedings granted Petitioner's request for discretionary waiver of removal

under section 212(c). [ECF No. 8]. The government timely appealed to the Board of Immigration Appeals ("BIA"). [Pet. ¶ 15]. As of the last update provided to this Court, the government's appeal to the BIA remains pending. [ECF No. 19 ("Resp.") at 1]. The government has continued to detain Petitioner while the BIA considers its appeal. [Pet. ¶ 17].

After the immigration judge granted Petitioner section 212(c) relief, Petitioner sought and received a new bond hearing based on changed circumstances. Costa I, 2026 WL 371198, at *1. At the second bond hearing, the immigration judge again denied bond based on a finding that Petitioner posed a danger to the community. Id. Subsequently, Petitioner filed the separate habeas petition that resulted in Costa I, contending that his second bond hearing was constitutionally inadequate. Id. at 2. In Costa I, another session of this Court granted the petition, finding that the immigration judge at the second bond hearing had failed to properly consider alternatives to detention and ordering that Petitioner be given a third bond hearing. Id. at *3–4. At Petitioner's third bond hearing, he was again denied bond. Costa v. McDonald (Costa II), No. 25-cv-13469 (D. Mass. Mar. 20, 2026), ECF No. 18. Petitioner sought further relief in his original habeas proceeding but the Court denied his request, finding that Petitioner's third bond hearing was constitutionally sufficient. Id.

On June 4, 2026, Petitioner filed a motion with the Massachusetts Superior Court seeking to vacate his 1991 guilty plea on the basis that he was never provided with the immigration warning required by Mass. Gen. Laws ch. 278, § 29D. See generally [ECF No. 1-3]. On July 31, 2026, the Massachusetts Superior Court granted Petitioner's motion and vacated his convictions. [ECF No. 1-4 at 4, 7]. On August 27, 2026, the Massachusetts Superior Court entered orders of nolle prosequi in the underlying criminal matters after the district attorney's office declined to pursue a new prosecution. [ECF No. 15 at 2, 5, 7].

Petitioner filed the present petition for a writ of habeas corpus on August 7, 2026, contending that his continuing detention violates the Due Process Clause. [Pet. ¶ 19]. Respondents filed a response on September 2, 2026. [Resp.].

## II. DISCUSSION

Petitioner contends that his ongoing detention violates his due process rights because (1) the conviction that formed the basis for his removal proceedings has now been vacated, and (2) an immigration judge has already granted him discretionary relief from removal. The Court will address each argument in turn.

### A. Vacatur of Convictions

Petitioner first contends that his detention cannot lawfully continue because the aggravated felony conviction upon which the government bases his removal proceedings no longer exists. [Pet. ¶ 18]. In essence, his argument is that the Due Process Clause forbids the government from detaining individuals pending an administrative decision on their removability if it lacks a basis for their removal. In response, Respondents argue that this Court lacks jurisdiction to provide Petitioner's requested relief because adjudicating his claim would require the Court to opine on Petitioner's removability in violation of 8 U.S.C. § 1252(b)(9). [Resp. at 3]. Respondents are correct.

8 U.S.C. § 1252(b)(9) provides that:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

Federal law provides a discrete pathway for noncitizens to obtain judicial review of issues concerning their removability: by appealing a final order of removal to the relevant United States Court of Appeals. See 8 U.S.C. § 1252(b)(2), (b)(4). Section 1252(b)(9) "strips federal courts of jurisdiction to decide legal and factual questions arising from an alien's removal in any other context, including on a petition for a writ of habeas corpus." Gicharu v. Carr, 983 F.3d 13, 16 (1st Cir. 2020). This provision is "designed to consolidate and channel review of all legal and factual questions that arise from the removal of an alien into the administrative process." Aguilar v. U.S. Immigr. & Customs Enf't, 510 F.3d 1, 9 (1st Cir. 2007). While this provision's "expanse is breathtaking," id., it does not "sweep within its scope claims with only a remote or attenuated connection to the removal of an alien," id. at 10. Thus, the key inquiry is whether a claim "aris[es] from" removal proceedings, or whether it is "independent of, or wholly collateral to, the removal process." Id. at 11.

Typically, "challenges to the legality of detention in the immigration context" are considered collateral to the removal process and therefore outside the scope of § 1252(b)(9). Aguilar, 510 F.3d at 11. As several sessions of this Court have found, however, that is not the case where a petitioner's challenge to his detention overlaps fully with the question of his removability—i.e. where a petitioner contends that he is undetainable because he is unremovable. See Flores-Powell v. Chadbourne, 677 F. Supp. 2d 455, 466–68 (D. Mass. 2010) (finding that § 1252(b)(9) deprived court of jurisdiction to decide whether petitioner was subject to mandatory detention because doing so would require court to decide whether petitioner was deportable as a criminal alien); Zaoui v. Horgan, No. 13-cv-11254, 2013 WL 5615913, at *1 (D. Mass. Aug. 23, 2013) (same); Alphonse v. Moniz, No. 21-cv-11844, 2022 WL 279638, at *4–5 (D. Mass. Jan. 31, 2022) (same). In that circumstance, where "the legal questions regarding . . .

detention and removability are the same," Alphonse, 2022 WL 279638, at *5, detention and removal are "intertwined rather than independent," Flores-Powell, 677 F. Supp. 2d at 468, and the noncitizen's challenge to his detention is "equally a challenge to—and by no means independent of—his removability," Zaoui, 2013 WL 5615913, at *1.

To the extent it is based on the vacatur of his conviction, Petitioner's claim falls squarely within this rule. Petitioner contends that due process requires his release because, after the vacatur, he is now "neither removable nor subject to mandatory detention under 8 U.S.C. § 1226(c)."[1] [Pet. ¶ 18]. As in Flores-Powell, Zaoui, and Alphonse, adjudicating this claim would require the Court to inquire into whether Petitioner is properly removable under 8 U.S.C. § 1227(a)(2)(A)(iii), and therefore require the Court to review "questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States." 8 U.S.C. § 1252(b)(9). This, the Court cannot do. Accordingly, the Court lacks jurisdiction over the petition to the extent it seeks release based on the vacatur of Petitioner's convictions.

**B. Grant of Section 212(c) Relief**

Petitioner further argues that his continued detention is unlawful because an immigration judge has already granted Petitioner a discretionary waiver of removal under INA section 212(c), so there is no longer a lawful basis to detain him pending a decision on his removability. [Pet. ¶ 17]. Respondents do not differentiate between this argument and Petitioner's vacatur argument in their response, instead asserting broadly that all bases for relief he raises are barred by § 1252(b)(9). See generally [Resp.].

[1] 8 U.S.C. § 1226(c) mandates detention of non-citizens who are removable on the basis of certain types of criminal convictions.

As an initial matter, the Court disagrees with Respondents' argument that § 1252(b)(9) strips this Court of jurisdiction to hear Petitioner's claim to the extent it is based on the existence of an order granting section 212(c) relief. As explained in the preceding section of this order, § 1252(b)(9) typically excludes challenges to detention that do not require the court to inquire into a petitioner's removability. Aguilar, 510 F.3d at 11. Unlike Petitioner's claim based on the vacatur of his convictions, adjudicating this claim will not require this Court to determine for itself whether Petitioner is removable, but simply to determine whether Respondents may lawfully continue detaining Petitioner after an immigration judge with unquestioned jurisdiction found him non-removable. The Court therefore finds that it has jurisdiction to consider this claim.

On the merits, however, the Court finds that Petitioner is not entitled to relief. As other courts have observed, the government may generally continue its detention of noncitizens denied bond while it appeals adverse immigration rulings to the BIA. See Velasco Lopez v. Decker, 978 F.3d 842, 852 (2d Cir. 2020) ("Absent release on bond, detention lasts through the initial removal determination proceedings . . . and all inter-agency and federal court appeals, even where an individual has prevailed and the Government appeals."). While this practice strikes the Court as potentially unjust given the often-protracted nature of BIA appeals, and particularly so when the government lacks a strong basis to appeal, the Court cannot conclude that it is categorically beyond the government's power, at least where a petitioner has received an appropriate individualized bond hearing.

As a statutory matter, 8 U.S.C. § 1226(a) allows for discretionary detention, subject to a bond hearing, "pending a decision on whether the alien is to be removed from the United States." Courts have observed that an "[i]mmigration [j]udge's grant of relief in removal proceedings is

not final [when] it has been appealed." Prior v. Andrews, No. 25-cv-01131, 2025 WL 2675569, at *5 (E.D. Cal. Sept. 18, 2025) (quoting E-Y-F-G-, 29 I&N Dec. 103 (B.I.A. 2025)). Section 1226(a) therefore provides statutory authority for maintaining Petitioner's detention pending a decision by the BIA, notwithstanding the immigration judge's grant of relief under INA section 212(c).

On the constitutional question, Petitioner provides little for the Court to work with, citing no authority and making next to no legal argument. The Court notes, however, that in other cases involving protracted immigration detention pending removal proceedings, courts have found that due process is satisfied by an adequate bond hearing. See, e.g., Velasco Lopez, 978 F.3d at 855 (finding that due process entitled petitioner to bond hearing after fifteen months of detention during removal proceedings); Alphonse, 635 F. Supp. 3d at 39 (similar); Fils-Aime v. FCI Berlin, Warden, 808 F. Supp. 3d 218, 224 (D.N.H. 2025) ("[P]rolonged mandatory detention pending removal proceedings, without a bond hearing, will at some point violate the right to due process." (emphasis added)). This Court is aware of no cases in which a court has found that an appropriately conducted bond hearing did not satisfy a noncitizen's due process interest against detention during his removal proceedings. Although the existence of a favorable ruling from an immigration judge affects the calculus somewhat, Petitioner has not persuaded the Court that such a non-final order renders continued detention categorically impermissible.

Here, Petitioner has had three bond hearings, the latter two of which followed, and were expressly premised on, the changed circumstances presented by Petitioner's receipt of section 212(c) relief. Costa I, 2026 WL 371198, at *1; Costa II, No. 25-cv-13469, ECF No. 18. Another session of this Court has already found that the second of Petitioner's two post-relief bond hearings satisfied the requirements of due process. Costa II, No. 25-cv-13469, ECF No. 18. At

this point, Petitioner has received all the process to which he is entitled, and which this Court has the power to grant, with respect to his detention during the pendency of his immigration proceedings. Accordingly, he is not entitled to further relief.[2]

## III. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus, [ECF No. 1], is **DENIED**.

**SO ORDERED.**

September 30, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

[2] Should the BIA uphold the immigration judge's grant of discretionary relief or otherwise find Petitioner unremovable (including because of the vacatur of his convictions) and Respondents continue to hold him thereafter, Petitioner may return and seek further relief from this Court.